Oyez, oyez, oyez. All persons having any manner or form of business before the Honorable, the United States Court of Appeals for the Fourth Circuit, are admonished to draw nigh and give their attention for the Court is now sitting. I say the United States and this Honorable Court. Let's check on it. Good morning, may it please the court. My name is Camille Chekovich and I am here representing plaintiffs appellants on a pro bono basis today. I would like to continue to reserve 10 minutes of my time for rebuttal. When plaintiffs began this litigation, they had a simple goal to stop the defendant's unconstitutional suspension of their driver's licenses under section 46.2-395 of the Virginia Code. After two and a half years of litigation, plaintiffs achieved that goal when the district court entered its well-reasoned and warranted preliminary injunction. Plaintiffs are prevailing parties because the district court's merits-based preliminary injunction materially altered the relationship among the parties in a way that directly benefited the plaintiffs, and that change was never undone by any court. Consistent with the four-part test this court has discussed in its recent decisions in GE and Cities for Life, the preliminary injunction in this case was, first, an appealable order of the court, that second, granted relief on the merits, that third, materially altered the legal relationship between the parties, and fourth, was enforceable by the court. The preliminary injunction upended the status quo. Before the preliminary injunction, plaintiffs suffered ongoing deprivations of their driver's licenses and a specter of hefty reinstatement fees to try to get them back. After the preliminary injunction, they did not. Then, more than seven months after entry of the preliminary injunction... As a factual matter, do we have evidence in the record that some of the plaintiffs actually received relief, as opposed to just maintaining the status quo? In other words, did some actually get relief following the preliminary injunction that was irreversible? Yes, Your Honor, they did. So there are findings in the preliminary injunction that specifically address individual plaintiffs who were not able to drive and what happened to them when they were able to. So, for instance, it talks about plaintiff Finney not being able to get to medical appointments and then being able to do so once his license was reinstated. Certainly, we know that plaintiffs did have their licenses reinstated by the commissioner. He did comply with the... Well, there are findings that relate to it, certainly. We're not talking about relating. The preliminary injunction is forward-looking, but the question... The D.C. Circuit addressed this in its case where it held that a preliminary injunction did entitle somebody to fees because, as a result of the preliminary injunction, there was irreversible concrete and irreversible relief granted. And so the question is, in order to be entitled to fees, there has to be some relief granted as a final, permanent relief granted as a result of a preliminary injunction. And your argument might be a good one if you could demonstrate that some plaintiffs did actually get positive relief following the preliminary injunction and before the case was ended. Well, I don't think there's any dispute. I don't think the government would dispute that that happened. There wouldn't have been any need... No, but you have the burden of showing your prevailing point. Yes, Your Honor, that's correct. But the district court certainly did not enter a preliminary injunction that was an advisory opinion. The plaintiffs did have their licenses suspended at the time a preliminary injunction was entered, and the preliminary injunction required that those suspensions be lifted. But it seems to me that we first have to get over our decision to suspend. Then, Justice Niemeyer presents a very interesting point. That's a good one. But it seems to me that would be what you could then show once you get over the initial hurdle that you can even get it. But as I understand, the problem here is you can't get it because of our previous decision. You're not a prevailing party, but if you can be, at least it can be determined, that would be the substance of a hearing. And that would be interesting for you to then bring in evidence as to how this affected, as I understand, was it 900 and some thousand people? Yes, Your Honor. I can't imagine that a preliminary injunction of this didn't affect somebody. It sounds like to me you're prevailing, but if that's an issue, this does not sound like to me it would be a case. But I would think the proof, as Justice Niemeyer points out, could be made. I don't think it would be hard. I didn't mean to foreclose what Judge Winner just said, because it seems to me Smythe was applied as a categorical bar, and it seems to me that it's not a categorical bar, provided you establish certain circumstances. And I suppose your argument would be that that would be done on the motion for attorney's fees. Correct. So we are requesting that Smythe, the rule, the categorical bar in Smythe be overturned. And should that happen, of course, we would expect that this court would remand to the district court for findings under whatever standard is adopted that would be made. Well, the canon is the real question. If you have relief that's actually irreversible relief that actually results from that order, you get fees. If it's temporary relief and it happens to be just made permanent by the legislature, there's an argument there that that's a catalyst. But I think the D.C. Circuit addressed a preliminary injunction can award prevailing fees when the relief, in effect, becomes irreversible. Yes, that's correct. So in the select milk case, the D.C. Circuit found that the preliminary injunction there did constitute the order necessary from the court. And we would say here that there's no difference between the preliminary injunction entered in this case and the select milk preliminary injunction. The select milk preliminary injunction did involve a very high monetary value. But in this case, the injunction saved the plaintiffs from having to pay $145 reinstatement fee to get their licenses back. And while that may not seem like a significant amount of money for indigent plaintiffs like the ones at issue here, that was the difference between being able to get their licenses back and not. And so that $145 fee being waived was a significant relief that was granted in the injunction. In the entry of the preliminary injunction, the district court lifted the suspension of the named plaintiffs. Is that right? Yes, that's correct. So that suspension's duration was for the term of the injunction. I guess what I'm getting at is the injunction order the Commissioner of Motor Vehicles to send the named plaintiffs a new driver's license that had no expiration on it, in the sense that it would go beyond whenever the preliminary injunction expired. No, it did not, because that wasn't necessary to lift the suspensions in this case that were at issue under this statute. So they didn't have to receive a new physical driver's licenses. The issue was, is the license suspended in the system? Is it noted as a suspended license? And when that happens, then the police can pull you over for driving on a suspended license. The suspension that was granted in the preliminary injunction was for whatever term the injunction would last. It wasn't time limited. So it would remain in effect for the entire time the injunction was in place. Counsel, does your argument depend solely on the four corners of the preliminary injunction order? Or does it, in reciting your opening, you talked about that was never overturned. Does it include events after the order, such as the fact, as you said, that it wasn't overturned? Do we look just at what happened at the moment the injunction was entered, or do we look to subsequent events? Well, under the Soule case, we do have to confirm that the injunction was never dissolved or otherwise removed by any subsequent decision in the case. That's easy to do here. Of course, the injunction remained in place all the way through the litigation. So we don't have a problem that would raise a concern under Soule in this case. But that Supreme Court decision, which does require that there's no dissolution of the injunction, would mean that you would look to some procedural history after the injunction is entered. The reason that may be important is our G case, the first requirement is that it talks about a judgment, a consent decree, or some similar order, I think is the language. And the question would be, is it similar if it has to take into account future events? Neither a consent decree nor a judgment, they're final. They don't require future events to either happen or not happen. So could you address that question, please? In the G case, this court said that a judgment was an order from which an appeal will lie. And that's consistent with case law and other circuits and also the Black Law Dictionary definition. And this preliminary injunction certainly was an order from which an appeal would lie. So that's had similar, in your view, is that it's appealable? Yes, the commissioner chose not to appeal, but that was certainly an option. I'd like to address the Smith case and specifically why we think that it's appropriate that this court reconsider it at this time. The commissioner argues that the fundamental nature of preliminary injunctions, as discussed in Smith and the Supreme Court's decision in Kemenes, supports the continued use of the Smith standard. But that argument overlooks the ways in which the Winter case significantly altered the preliminary injunction, analysis. And it also overlooks the individualized nature of preliminary injunction determinations in different cases. In preparing this, I didn't quite understand why it's so important to look at the preliminary injunction standard. I mean, it's sure before Winter, there was balancing of various interests. And after Winter, they had the four criteria of likelihood of success. But it seems to me the difficulty with Smith is that the district court in this case thought it was a categorical bar because of preliminary injunction. And as we've discussed here today, it would seem that maybe there is no categorical bar that a preliminary injunction can't serve on a prevailing party issue. In some circumstances, other courts have found that it can. And so it seems to me, if we found that Smith is a categorical bar, as the district court in this case concluded, then we should probably clarify that, shouldn't we? Well, certainly up to this point in this case, no one's disputed that Smith was a categorical bar. Well, that's my point. If that's so, we should clarify that it's not a categorical bar. Shouldn't we? That's your position. Yes, certainly. Okay. Well, that's the first step. And then the second step is, are the circumstances in this case sufficient to grant prevailing party status? And that issue was never determined. We've had to ask the district court, make that determination, right? Well, both the magistrate judge in his report and recommendation and the district court found that aside from the categorical bar, all of the requirements for a finding of prevailing party status were met here. So it's not clear to me that that's absolutely necessary. But certainly, if this court clarifies the standard and finds that there's any reason to question whether this preliminary injunction meets the standard, then it should remand to the district court to make additional findings. But I would suggest to the court that the findings of the R&R and in the district court's adoption of that makes clear that this preliminary injunction did meet all of the requirements. Counselor, what do you say the standard should be? How should an Supreme Court language in cases like Farrar? And that is what has happened in this court's cases in G and cities for life. So the four-part test that this court applied there should continue to apply. We just should not have the categorical bar that says that preliminary injunctions can never meet that standard. And that's because both there is now a more searching merits-based inquiry under Winter that has happened since the Smith case. And also, if you look at footnotes 8 and 9, where the Smith decision talks about any preliminary injunction standard not being sufficient, I think it's fair to say that that doesn't fairly reflect what happens in preliminary injunction cases today. And so those hearings are very different. They can vary significantly from case to case. In this case, after years of litigation when the parties went towards the preliminary injunction hearing, a lot of evidence had been developed. Two experts testified. There were four other witnesses. The court had lots of documents in front of it. This was not an example of a hasty preliminary injunction hearing. Counselor, can I ask you a question about that? I mean, are you suggesting you want us to adopt a standard that turns on that? Is that something a Was this a hasty preliminary injunction hearing or was this a well-developed one? Well, certainly, some of the upper circuits have talked about issues like that as demonstrating that the preliminary injunction was on the merits. But I don't think it's certainly not necessary. Most of the standards simply say that under the new Winter standard for preliminary injunction, where the court must find a likelihood of success on the merits, that that's sufficient to show that the decision is merit-based. I would suggest to the court that the district court, the court that actually supervised the hearing and then entered the order, is the best place to make that initial determination. That district court judge is certainly capable of knowing whether he or she... There's a difficulty with that. Supreme Court itself said the judgment had to be final. The question is, does a preliminary injunction therefore get disqualified? And the answer would be, in your position, and it seems to me it's persuasive, that it is not categorically disqualified. But then you have to demonstrate that the likelihood of success, which is not by its nature final, actually became final because, number one, the case became moot. Number two, people were granted relief as a result of the preliminary injunction. That's irreversible. Those additional criteria seem to me have to be there in order to make the preliminary injunction a final order. And those were here in this case. So, importantly, the district court made findings that amounted to findings of facial unconstitutionality in the preliminary injunction. The court specifically said, the court concludes that Section 46.2-395, on its face, does not provide a meaningful opportunity to be heard regarding license suspension. So, it made a finding of facial unconstitutionality and... There you missed my point. My point is that finding, number one, was a likelihood of success. And number two was temporal to the end of the litigation. So, the question is, does that demonstrate other factors in connection with the preliminary injunction? It can be a final order that makes you a prevailing party, but you have to show something more than just a preliminary injunction. You have to show that the preliminary injunction had the effect of granting relief in a final sense. And that can be done, I suppose, with the case becoming moot and some people actually benefiting with the relief. But after that, I think, you don't fit the Supreme Court standard. So, I don't think it helps much to argue that preliminary injunction addressed the merits. Sure, it has to address the merits under Wintory, but those merits are tentative and temporal. And both of those things that Your Honor has mentioned, the mooting happening after the entry of the preliminary injunction, certainly that happened here when the legislature adopted a new law that probably... That's right. But then my only hesitation is, it seems to me, we have to show that relief was in effect granted to permanently some people. And that wouldn't take much, but it seems to me, otherwise, you're categorically saying the preliminary injunction that grants tentative relief and becomes moot, automatically you get... And so, the question is, the relief has to be linked to the preliminary injunction, not to the legislature. And so, the way you show that is to show mootness, number one, which ends the case, and number two, that people actually got relief from it, that was never reversed in the case. The catalyst theory, though, specifically, it speaks to the question of an order not being entered at all. So, in other words, there's been no ruling by the court that the plaintiff can rely on to say, we got a decision on the merits. The plaintiff came in and filed a lawsuit and the defendant changed its conduct. That's the catalyst theory. That's what Buchanan is concerned about. That didn't happen here. No, but let me just take another hypothetical. You have a preliminary injunction and then you have a settlement. Private settlement, doesn't go to court. They dismiss the case. Right. So, there are cases that address the... The court has addressed that, and that's not good enough. That's right. That's right. Because there's no... So, my point is, categorically showing the preliminary injunctions, you're trying to argue here, is not enough. You've got to show preliminary injunction plus. Okay. The question was posed to you, what must be shown? What should we say must be shown? The settlement concern is that there are the parties have reached an agreement and... That's not my question. My question is, what must be shown in addition? So, here, we would say that the fact that the defendant mooted the case after entry of the preliminary injunction is sufficient to show that because it's essentially involuntary at that point. This is a discussion in gravarsis, where once the court has declared the law unconstitutional, the defendant's decision to move the lawsuit by repealing the statute is sufficient to show that judicial imprimatur. So, the very fact... So, you're arguing that all you need to show is moot this after preliminary injunction and automatically that's the pervading party? Certainly, in a case like this one, where the defendant repealed the legislation that's been found by the court to be spatially unconstitutional. Well, that's not going to be under book 10 and you can't look at that. You can't look at what the legislature did collaboratively. The order didn't mandate the legislature to do anything. It was mooted because of the legislative action. I don't know why you resist the notion that you will say what the DC Circuit did, which is, I think to me, a perfectly logical approach. Well, we certainly are not resisting the DC Circuit's decision in select milk. We think it's very analogous to this case. And for the reasons in the select milk case, the same ruling should apply here. Just to clarify, are you arguing that what makes the relief irreversible, what resolves the dispute, that doesn't have to be a judicial action? You're saying that the judicial court gives some relief in a preliminary way, but it's okay what makes the relief irreversible is accomplished by a third party. Well, that is the case in any legislative mooting, for instance. So, you're not going to have in a legislative mooting case, you're not going to have anyone other than the legislature doing that. Right. I was just trying to clarify your standard for what the preliminary injunction plus what. And your argument is the judicial inframotor only needs to be on this preliminary relief, not on the lasting relief. Well, the preliminary relief was the lasting relief in this case. So, there isn't a distinction between... Yeah, but you said the legislature gave you the lasting relief here. Well, we would say that the preliminary injunction was in place for the entire time that it was needed up until the moment when the legislature repealed the statute. That mooted the lawsuit. So, just to clarify, again, you're saying the judicial action, the judicial inframotor, as Kimber has said, that happens when the preliminary injunction is not necessary enough to award fees, right? So, the Supreme Court, you say, we have to look at how the dispute actually resolves. How does it end? You're not entitled to fees the day the PI is entered. But your position is that the judicial action is done. Whatever resolves the case, whatever makes it lasting long-term relief doesn't have to be a judicial action. It could be that a third party or the legislature. Right, and we know that's the case because, for instance, the Supreme Court holds that a consent decree is sufficient to give you prevailing... No, they did that. They distinguished very carefully between a settlement and a consent decree, right? Because the consent decree has the judicial action of resolving the dispute, right? You don't have to get everything you want, but the judicial action is involved in resolving the dispute. Right, but in the case where the legislature moves the law, the opportunity to do that has been removed from the parties in the court by the defendant. And so, it's pretty clear... Well, it's not the defendant. I guess there's some dispute here about whether it was the defendant. I mean, imagine hypothetically a plaintiff wants to hold a prayer meeting at a library, public library. Government says no. The court gives him a preliminary injunction, but the next day the library is hit by a meteorite and completely destroyed. So, there's no library. He can't hold a prayer meeting there, but he won the preliminary injunction on the merit. Under your test, he's entitled to leave, but there's... I would say that's consistent with the congressional intent under Section 1988. When something like an act of God completely out of the control of the parties meets the case, that doesn't make the success that the plaintiff has achieved any less. Specifically, as it could apply... The act of God resolved the dispute. The act of God, if I may say so myself, imparted out the act of the judge. In the hypothetical you're giving... It seems to me that you have sort of abandoned the suggestion that really what you have to show is that some of the relief was granted pursuant to the preliminary injunction, and that that was final. For instance, the licenses were reinstated without the payment of a fee. A fee there is now... That's permanent. And they got the license back. That might be adequate to focus on what the legislature did violate for canon, I think. And so, I think what you really have to do is to demonstrate that some of the relief that actually occurred in this case was irreversible. In other words, because of the timing of it. And it occurred while the case was still a pending before it became moot. But I think mootness itself doesn't gain you much under Buchanan. Well, I had one because I'm... I approached this case, perhaps, the way you did in bringing this as an additional rehearing that was a relatively simple case. But apparently, it is not. But as I understand it, the district court felt that Smythe categorically borrowed in a relief hearing. And so, all of the conversation we're having, it never got there. You never got there. No one could get there because Smythe categorically borrowed. Now, that might be right or wrong. That's the direction. And as I understand, the panel sort of felt that way with it. So, it seems to me the preliminary decision we have to make is, does it categorically borrow? And if, in fact, it does, then the question becomes, well, what do we do from there? And that might be a question of, was that a trial court question or is it something we offered? Because all of the things were going back and forth on, did you present proof of this or proof of that? Or does the preliminary injunction, is it merit-based and does it go into settlement? Those are all interesting questions, but we are the appellate court. So, when I approached it, and it sounds like maybe I'm an outlier on this, this was a simple case. Does Smythe represent that it was a categorical borrow? And what draws me to say it probably is, is when you read Smythe, that preliminary injunction is not much different than here. You had a bunch of, you had ladies who were in a aid for families for dependent children, Social Security Act says, oh, you got to prove paternity. You got to go find the husband, the father. If you can't, you got to name everybody you've had relations with and get a name in order to be able to get there. And that preliminary injunction was brought up as to those, as I understand, those name plaintiffs, just like here. And this court says, no, you can't, you're not a prevailing party after that law changed in this instance. So, maybe that's kind of where this either takes that two roads down in the woods deal, which way you're going to go on it. But if we're going to go down the road that it's not a categorical borrow and that you could have done this, but you didn't present the evidence, that's a different path and you couldn't even get there because the district court didn't allow you. Am I correct that this court did not allow you to go there because it viewed it as a categorical bar? Both the magistrate judge and the district judge held that they could not rule in favor of the plaintiffs because Smith was a categorical bar that prevented prevailing party status. So, with any of the discussion, would have they made any difference to either one of them if it's a categorical bar? No, I think, you know, the injunction could have been anything. The result would have been the same in this case in the court below. Well, that's why I'm getting confused. I'm making a misunderstanding. It's almost as though you could have done this had you done this or that. But it's a categorical bar from the appeal that we're taking. And the question is, is it a categorical bar or not? And when we look at the facts, as I said, it seems to me it is. That seems, it could, would the remedy in that instance to be, it's not a categorical bar, go back and decide in light of what we have here, maybe some guidance. Is that what you're asking or more? Yes, I think first we're asking that the court overturn Smith, the categorical bar, then we think the court should adopt the new five and all the other circuits, find the Supreme Court precedent is sufficient to create that test. And in fact, this court already has a four-prong. Well, the difficulty with, that sounds simple, but the difficulty is every one of those circuits did a little bit of a different analysis. And the question, I think the hard question in this case is what has to be shown to elevate what is a likelihood of success on a temporal basis to elevate that to a final irreversible remedy. And the circuits have treated that differently. I advanced the notion that I thought the best response might be the DC circuits approach. But I don't think you can just say the circuits have done it. Other circuits have all wrestled with the same problem. What they haven't agreed on, it's not a categorical bar. And it seems to me, Judge Williams is correct. The only thing we really need to do is say it's not a categorical bar and send it back. But the question then is, should we give guidance? And if we give guidance, what should the standard be? We don't have to do that, you know, but you're suggesting you like guidance. If that's so, then we should have a guidance. Well, other than the third circuit, which the Commissioner discusses as sort of a preliminary injunction plus, there are no, none of the other circuits would require anything additional be shown other than that the preliminary injunction was merit-based and that it was decided under the which is different, I think, from what Judge Niemeyer is talking about when you are talking about do they require something else other than the preliminary injunction? I'm suggesting that the relief granted has to be identified and not from the legislature, but from the effect of the preliminary injunction. That's what the DC circuit did. And it seems to me that makes sense. If we all of a sudden say it was mooted and then the legislature changed the law, that flies in the face of Buchanan. And so I don't think we can go there. I think we have to do exactly what some of these other circuits have done. They were searching for an approach that would, in some circumstances, a preliminary injunction does function as a final judgment. Well, in this case, the preliminary injunction was in place for 16 and a half months before the case was mooted and throughout that. No, but none of this was, is decided and no standard was applied by the district court. In other words, the district court didn't go into this analysis and looked at what the other circuits were doing and what Buchanan requires, what SOLE requires. I mean, SOLE is pretty categorical, too. A preliminary injunction alone did not satisfy it, especially in a circumstance where the permanent injunction was rejected. But it expressly left open the question in this case. So we would argue, you know, this is now the case where we're going to answer that question. And all of the other circuits have said the preliminary injunction is sufficient if it's merits-based, if it's based on the likelihood of the- I respectfully disagree with that because none of them says that's enough. Well, this case is exactly like SELECT-MILT in the sense that SELECT-MILT focused on the fact that the relief granted would have been lost but for the preliminary injunction. The monetary amount would have been lost because of the timing. Now, that is an important thing. That, in effect, makes the preliminary injunction the main grantor of the relief that was obtained. So you have a plus there. You have a big plus. And I suggest that's observation. But you cannot just say all the other courts have allowed it when it's mooted. They haven't. They have searched for the notion where the relief is linked, is permanent, and is linked to the preliminary injunction. And you can do that in a bunch of ways. The Fifth Circuit established some kind of causation requirement. But it seems to me that's for debate. Our court can address that or we don't need to address it. You just sort of say that every circuit has said when it's mooted, automatic. I don't think any one of them said that. Well, certainly, if this court adopts a new standard, they're more than willing to go back to the district court, as I've said, and present the evidence that that standard is met. And so, on remand, we'll continue to litigate that issue. But I would say that the district court did make some very detailed findings in this case on the preliminary injunction. And so, we do think that this court could look at those findings and make the decision. Well, that's for purposes of entering the injunction, right? That doesn't get you anywhere. Because the preliminary injunction is an order that's temporal on its face. And that is not a final. It is a likelihood. So, both of those standards fail under Supreme Court standards of a final judgment that's appealed. And granting the relief, that's irreversible. And it seems to me that you can get around that. I don't think that. I guess you're willing to take that invitation, but I think that's required. On the PE petition specifically, the lower court did make findings about the merits-based aspects of the order. And so, there are findings in the record in the R&R, for instance, that say, Plankus obtained a preliminary injunction that was thoroughly merits-based. Judge Moon's evaluation was anything but a brief. There are a series of findings. Don't you agree that that finding of a preliminary injunction is irreversible? That's the standard the court had before. No, I don't agree that in this case, the judge's findings on a preliminary injunction were all restricted to a likelihood of success. That's all he could do. Certainly, he did find that. But he also found that on its face, the statute did not provide any opportunity to be heard. And under the case law, that is facial unconstitutionality. And he used that word. He said, on its face, this does not happen. And so, what I would suggest to the court is that a hearing in this case on, for instance, the permanent injunction with respect to the procedural due process claim wouldn't be any different. The court looked at the language of the statute and applied the law and found that the statute was facially unconstitutional with respect to that procedural due process claim. The proceedings on a permanent injunction would be identical, just as they would at summary judgment or an eventual trial on that claim. I'd like to touch briefly on- I'm going to help you. Thank you, Ms. Chekhovitz. Scott. Thank you, Your Honor. Mr. Chief Judge, I'm going to please the court, Trevor Cox, on behalf of the commissioner. I'd like to focus my time on three points about why Smith remains rightly decided and why plaintiffs here are not prevailing parties. First, Smith is consistent with the plain language of Section 1988 and Supreme Court precedent interpreting it. Because of the very nature of the preliminary injunction, obtaining one does not make plaintiffs a prevailing party. That was so at the time of Smith and it remains so today. So is your bottom line going to be that Smith is a categorical bar when it comes to a preliminary injunction? Yes, that is the first order argument. But I think we'd still win even if this court were to create an exception based on what other circuits have held because we don't think this case fits those exceptions. But I think that the Smith case remains rightly decided. If we were to disagree with you and were able to determine or give guidance as to a different standard, wouldn't that, of necessity, have to go back to the district court? I think if this court didn't feel that it had enough in the record to make that determination, then it would have to send it back. It depends on the standard. We would be applying this theoretically. We would be applying a new standard never applied before by the district court without findings of fact under that standing. We'd be doing that in the first instance. If the court felt that it needed more facts to make that determination, then it would have to send it back. This court would not be finding the fact itself if it were not in the record. But the district court didn't have a standard. If we were to provide a standard, the district court's findings are in the context of where it found itself. And it seems to me the district court did not give that a great deal of attention because it felt bound by Smith and said it can't go anywhere. It seems to me that if we were to rigid that there are exceptions to Smith or to preliminary injunctions, then we should send it back and let the court try to find out and explore what the other circuits have done. Or we could give it some guidance, I suppose, and they could apply. But I don't see how we should be finding facts under a standard that we would determine. I think it depends on what standard the court chooses. If you feel that looking at this case, this is exactly like Smith, but we don't want to make Smith a categorical bar saying that you can never get prevailing party status from a preliminary injunction. But on the facts of Smith, similar to the facts here... Well, the hypothetical that Judge Agee and I are opposing is that suppose we conclude that Smith was too rigid, too categorical, and that there are circumstances where a preliminary injunction can result in awarding fees. Sure. So some of the other cases that come up in other circuits are where the defendant basically admits liability or suggests that they're not going to contest the constitutionality of the challenge statute. The courts there have found no problem entering a preliminary injunction and confirming prevailing party status on that ground. We never admitted liability. We continued to think the constitutionality of the statute was clear. No one in this case until today to have this argument based on the briefing has taken Smith to be anything but a categorical bar. That's what the district court thought. That's what the parties thought. That was the way they litigated down the road. That's right. And what I'm suggesting is if this court decides that it's not a categorical bar and that indeed you can get prevailing party status in instances, say, where the defendant essentially admits liability and consents to the entry of permanent injunctive relief... Here's where it gets confusing. The district court says it's a categorical bar. Now it says it's a categorical bar. You now say Smith is still good in law. You are essentially saying it's a categorical bar in the story. But you want to say you can keep Smith as a categorical bar, but you still can then say, well, it's not a categorical bar, and you can do these other things. That doesn't seem to follow. And what is being asked here, if we what is the test? And so there are a number of circuits. It seems to me the one that's the furthest out is the Fifth Circuit that is going in this business of that the preliminary injunction award caused the legislature to subsequently move the claim. Do you go that far, or where do we go in fishing in crime to come up with a test? That's the reason for the extra questions. Do we give guidance to district court if we determine that first question is not a categorical bar? Sure. You start out saying, oh, it's good law. And we've all said, everybody's saying it's a categorical bar. But you say it's good law. So how's it good law if it's a categorical bar? We say it's not. So once you get beyond that, then the question is, what is the test? We should try to give some guidance, perhaps, to the district court, or should we send it back to let the district court work this out and come back up? Sure. I gather that at least some of the court is not on board with our proposition that it remains good law and that a categorical bar is good law. Are we talking two different things? The district court said it's a categorical bar. The magistrate, the appeal is from that. And you say it's good law. So if we say it's good law, and they said it's a categorical bar, are you saying the district court was wrong that it was a categorical bar? No, I'm saying the district court was correct, and you can affirm on those grounds. That it's a categorical bar. Correct. To the extent that this court disagrees with that and wants to create an exception, if you think that this case doesn't fit that exception, then there's no need to send it back, because you can affirm on that fact too. It seems to me that your most fruitful use of your time would be to argue. We understand your argument on the not to persuade a majority of the judges on that issue. What standard would you prefer that the court apply? What do you think is the most consistent with the Supreme Court jurisprudence under section 1988? Yes, the difficulty is that section 1988 promotes the bringing of meritorious cases. And unless there is some finding that the defendant actually violated somebody's rights, and that the case was actually meritorious, then attorney's fees should not be granted. And so there has to be a determination that there's an actual violation of somebody's rights. Otherwise, it's not appropriate to shift fees. I gather that there's a concern, this came up at the panel stage, it's come up in the Grabarczyk case, as well as Raya Zudin, that there might be gamesmanship at play, and the court wants to guard against the possibility that a defendant would strategically mute a case to avoid paying attorney's fees. And so if that is the motivating concern that suggests that the categorical bar shouldn't be in place, then I think that the Fifth Circuit standard that links the idea of strategic muting to the preliminary injunction is the one that makes the most sense. On that question, the Dearmore standard from the Fifth Circuit, what's your position as to whether that standard is consistent or inconsistent with Buchanan? I don't think it's consistent. It's sort of a modified catalyst theory, and I don't know that it would survive scrutiny by the U.S. Supreme Court, because it's still- The only way to advance that is the appropriate standard that we should consider. I think your the linkage, that's a legislative action. I think it's pretty clear what Buchanan would put in doubt Dearmore. Because it's the only standard that we've identified among the circuits that tries to mute that gamesmanship concern. Counsel, can I ask you a question about that? I don't even really understand how it would do that. Like in a case like this, and I'm not trying to make any suggestions about what happened here, but imagine a case that had some similar effects to this one, where the plaintiffs want to go forward to a ruling on the merits before the legislative session that ends up moving the case. And it's the defendant who gets to stay over the plaintiff's objections that make that impossible. So in a case like that, whether or not the litigation caused the repeal, it's the defendant's actions that caused the case to move out and avoid it a final judgment. So I don't even really see how the Fifth Circuit causation standard kind of gets a concern in a case like the one I hypothesized. You see what I'm saying? I think so. Let me try to try to answer it. First, I want to distinguish between the commissioner on the one hand, and the state legislature here on the other hand. Two different actors, two different branches of government. And so just because the legislature repealed the statute at issue, that doesn't mean the commissioner was involved in strategically leading the case. Do you represent the commissioner? Yes, sir. The commissioner got the state that ended up having the effect of moving this case out, right? The commissioner was aware that the General Assembly, as it had in previous years, the litigation that had the effect in the end of moving the case out. The defendant, right? Well, the commissioner asked for a stay, which the district court granted on the ground so that it wouldn't make sense as a matter of judicial economy to proceed with litigating the statute that it looked like the General Assembly was going to repeal anyway, because it had been considered in previous years. There'd been a sea change in the political makeup of the General Assembly, and it looked like on policy grounds, the statute was going to be repealed. So no point in litigating. The plaintiffs wanted to litigate it so they could get a final judgment, and the defendant instead got the stay. So my only, it was really, sorry, it didn't have to be such a long question. It was just, if that's what happened, I don't really understand how focusing on why the legislature repealed the statute kind of addresses the problem of moving out this case. It's a minor point. I'm not sure you really are standing on the circuit standard anyway, but it's a question I had about it. Well, I think it gets back to the gamesmanship concern that seems to be evident in this court's recent jurisprudence, and it makes sense why. You don't want, I think there's a valid reason to suggest that regardless of why it's mooted, you don't get attorney's fees. But if you were concerned about limiting gamesmanship, you would want to link the action that moots the case to the case for the preliminary injunction. Otherwise, it's sort of an act of God situation. Counsel, over here, sorry. Yes, sir. So why do you say that these actors were, it seems like you're suggesting that the legislature and executive independent bodies were acting in a vacuum? I mean, the reality is that everybody must have understood what was going on. Whether you want to describe it as gamesmanship or something else, the commissioner certainly understood that the political winds had changed in the legislature, and so it had incentive to see what would happen. And so in that circumstance, that wasn't any different from the cases that we've been concerned about with respect to gamesmanship. And I don't want to use that pejoratively, but that's the reality, right? So why wouldn't a plaintiff be entitled to fees and that sort of things? Because as Judge Harris indicated, they wanted to litigate. Right. And to be clear, I'm not using gamesmanship to describe the commissioner's behavior in any sense. I'm raising the Dearborn stand because that seems to respond to the court's concern about gamesmanship. So I think- Well, you have that consideration. I want to go to the discussion Judge Niemeyer had with the opposing counsel on the milk producers case where you have I'm sorry. I'm sorry. I thought it was dovetailing with you. Go ahead. So I think the answer to your question, Your Honor, is that regardless of what the reason is for the mooting of the case, the bottom line remains that they never achieved actual success on the merits of their case. It was never decided. All they got was a likelihood of success determination that was part of a provisional remedy that was meant to get the parties to litigate the case. And so regardless of what the reason was for mooting- Well, I suggest you go back to your categorical bar. Well, to the extent that it suggests that it doesn't matter what the reason is for the mooting, then yes. So is that the concern in those questions? Is that still present if you look at something like the milk producers case where there is a tangible benefit monetarily there, arguably a monetary benefit in this case because of the elimination of a requirement that a reinstatement fee be paid. And that, in those circumstances, monetary benefit is not temporarily limited. So there's a specific material concrete benefit brought that's irreversible by the preliminary injunction. Doesn't that fit a separate category from what you've been discussing in terms of gamesmanship, for lack of a better word? Yeah. So select milk is- I'll point out that the government there didn't dispute the constitutionality after a certain point, or the alleged unconstitutionality of what was happening. But in select milk, there was a certain amount of monetary funds that were saved. Here, it is correct. I think at some point the commissioner represented that changes were made in the system to reflect the court's suspension that the driver's license was not going to be enforced as to a couple of the named plaintiffs. I'm not suggesting that this case and that case are synonymous or identical in terms of the relief. The argument certainly could be made. But if we're looking for a standard to apply in these types of cases going forward, I took the dialogue that Judge Niemeyer had to establish this additional factor beyond the other factors of a preliminary injunction, that there is a concrete, material, not temporarily limited relief that is obtained. Yeah, and here it was temporarily limited because the licenses were only provisionally given back pending actual litigation of the merits of the case later on. And so the licenses could have been suspended, again, depending on what happened later on in the case. Well, it would be the saving of the fees. This case, without argument, I'd like to press your answer to Judge Agee's question. Would that be an acceptable standard to apply, in other words, without addressing factually in this case whether that was satisfying? In other words, if the relief granted by the preliminary injunction is relief dependent on time, in other words, it would be lost otherwise. The preliminary injunction saves money. It seems to me now at that point, preliminary injunction is elevated to a relief. In that circumstance, it seems to me, that's not the subject number one to dangership, nor is it subject to the limitations of Buck Cannon. It seems to me that any relief that's given that should confer attorneys' fees ought to be relief that's given on the merits of the actual litigated claim. And that's the standard the Supreme Court has identified in the case. Clearly, the order is likelihood of success on the merits. The order says likelihood, and clearly, the order is temporal. So at that point, it doesn't satisfy several requirements of Buck Cannon, Barr, and all these things from the Supreme Court. My suggestion, though, is rather than impose a categorical bar on a preliminary injunction because it has those contexts and affects amount to a final judgment of granting relief, as in the D.C. case. Yeah, I think once you go beyond the limits that the Supreme Court has put in place here a little bit, it's easy. So I understand why you're struggling to come up with something that makes sense. I'm trying to get your ideas. We can read all these cases, and we can decide whether it should be a categorical bar or not. I think the questioning that you're hearing, though, on both sides is trying to focus beyond a categorical bar, very restrictive, and doesn't take into account the possibilities that other circuits have found. The question is, should we consider those possibilities in this circuit? Yeah, one possibility, which seems to and admits the unconstitutionality or liability or says they're not going to contest it any further, then it's closer to permanent injunctive relief. That's one possibility. That's one possibility for consolidation. It's hard to kind of anchor this to a standard somewhere, but Seoul seems to be the case closest on point to me, at least it's about a preliminary injunction. And it does leave this question open. But I do wonder if we can get some guidance from that case, because in explaining why a preliminary injunction that is later reversed or dissolved in a final order on the merits doesn't count, the court says it's because at the end of the litigation, the challenge rule remains in place, and the plaintiff has gained no enduring change in the legal relationship. And it seems that at least in a case of legislative repeal, neither of those is true. But at the end of the litigation, the challenge rule is not in place, and the plaintiff has gained an enduring change in the legal relationship. Why wouldn't that be enough, not under the holding of Seoul, obviously, but under the reasoning of Seoul? Because the enduring legal change doesn't come from any kind of court order. It comes from the fact that it was mooted fully apart from the litigation. And so there was no court order that was in place for exactly as long as the plaintiff needed it. This reminds me of sort of the cases, and the courts do seem to be unanimous on this. The cases on sort of a one-off event, like you get a preliminary injunction saying you're allowed to take it at this convention, and then it moves after the convention. The convention is over, case over. But you had that preliminary injunction for exactly as long as you needed it. And the courts do seem to be in agreement that that makes you a prevailing party. And I guess I'm struggling to see why this case is any different. You had this preliminary injunction for basically as long as the convention was in town, as long as the statute was on the books. And by the time the injunction is mooted out, there's no longer a statute, there's no longer a convention. It just seems like the same thing to me. Yeah, I think it's difficult when you base the eligibility for attorneys fees on the whether plaintiffs got what they wanted, rather than whether they prevailed on the actual merits of a claim. But they don't get what they want from the injunction. Let me just give you a hypothetical, which is a little far out, but it makes the point that I'm trying to invite you to address. And that is, you have a person dying, and a member of the family, they want to pull the state and said, we believe in natural death, not induced death by pulling the plug. The court issues a preliminary injunction, and they say they link it into constitutional rights, so they have all these things of choice. And the preliminary injunction is granted, the plug is not pulled. And two weeks later, while the litigation is ongoing, he dies. In that case, the plaintiff got all the relief the plaintiff wanted through a preliminary injunction. And in that case, under the DC case, you could conclude that that person's a prevailing party, couldn't you? I think under the reasoning of some other circuits, I don't think it's the right reasoning, and I'll tell you why. First of all, I mean, I don't know if the estate of the doesn't seem like permanent injunctive relief would be an issue in that case, but you could actually come to a full determination. Some people want the plug pulled, and other people say not. So the case goes forward, and then you can continue to litigate and figure out what the actual law is. Except that he died. He died naturally two weeks later. Sure, maybe the estate or the executor has a stance in his stead to bring whatever claim. Well, that's a pickle, is that the relief requested was granted on a temporary basis. And that temporary basis became a permanent basis because of the nature of the relief. And so that's really the DC case. And the question is, it's a possibility, I would think, this case, but I'm not sure. Right. I don't think, and that's why I think it's difficult to look at the relief that was gotten, rather than whether they actually prevailed on the merits of their claim. I don't think it's fair to impose attorneys fees on state and local governments, unless they have been shown to that can't violate the law. Mr. Cox. Yes. Go ahead. No, I defer. Always referred to deferred to my kind. Mr. Cox, you don't have to apologize for your position. I think it's clear what your position is. You don't think that changing or not, you don't think you should be able to get attorney's fees unless on the merits, it's been shown that's been a violation, which you make it concomitant with winning. Because what you said, you said it very clearly. You said, no, I don't think you get attorney's fees until you've shown on the merits that the defendant did something wrong. You don't have to defend that. That's your position, but we're that's your position. But can I get to this case? If we decide against your position, that it is not a permanent bar, would you agree that this case here, they did get relief from the executive branch, not the legislative branch. Would you agree with that? Because they lifted suspended licenses and people could drive. They could take care of their get to work and do those things. That's the essence of what they wanted done. And you can't take that back from them. Matter of fact, I think there might be an ex post facto argument there to make that even if they didn't win, you couldn't go back and reimpose those because that's part of a criminal penalty. So, but even in this case, don't you think that at some point this is kind of on steroids where there's a prevailing part about a preliminary injunction? Wouldn't you agree with that? I know you don't agree with that in terms of, oh, I said, I don't want to, but wouldn't you admit our court trying to then lift this veil that exists under Smith, you'd have to say that this one would be near the top of it. And wherever we would do it is maybe something less than this is required. But what is your position on that? I don't agree with, with your honor that, um, that what they got was as a result of a determination of the legal claims in the case. You asked for the state, did you? Yes. When you asked for the state, didn't you insinuate the legislative into this case? Because you're saying, oh no, it was the legislative does it make any difference, but you asked for a state so that the legislature could intervene for you and do something. I don't, I don't think they didn't make it a pejorative or what that is. It's legal strategy. That's period. You don't have to put a pejorative name on it. I think that's, you know, that's not gangster business, but it's not a pejorative. But didn't you insinuate that by saying, let's hold up on getting this merits decision that you want so that the legislature can do something for it that you say they don't get credit for because the legislative did it against Buchanan. So we're arguing on both sides of the thing. And you put that in, you should have said, we don't want to stay. We want to be vindicated because we didn't do anything wrong, but then you elongated this. So that's, that's, isn't that true? We didn't do anything. Why did you want to wait for the legislature to act? And you said that acting makes nothing, has nothing to do with their prevailing enough. Well, because it was an act of the legislature from building for years, they had entered bills for years. Well, who cares about that? What's the constitution? Because we deal with the constitution and the executive authority and determine whether or not there's been a violation. We're not the legislature. We don't make laws and we also don't determine what they need to do. Instead, we answer the question before us. And that is the issue at hand. Is the executive action a violation of the constitution? But you asked us to stop that sacred duty to wait, to see what the legislative branch was going to do. But yet you say that that has nothing to do with whether or not they prevail. To me, that's, that's rather inconsistent. Go ahead. I think courts make decisions all the time on matters of judicial common. And it makes no sense to decide cases that are either being decided by another court or that are going to be mooted because of the repeal of the statute. I don't think it has anything to do with the reflection of our confidence on the, on the merits of the case. In addressing Chief Judge Berger's question, tell me how does the Lefferman case play here? Because the focus here seems to be, well, this is a relief they wouldn't have gotten and not gotten. The Lefferman case speaks to a prevailing party being someone who the merits of this claim materially alters the landscape, the relationship by modifying the defendant's behavior in a way that directly benefits the plaintiff. What you're saying to represent to this court is a case in which 940,000 people in Virginia had their license been suspended because they didn't pay court costs. And the case rests upon four people not being able to obtain a license and by not having a car, can't go to work. And it's a due process of equal protection and you got a preliminary injunction. You want to defend a case like that when there are plaintiff lawyers all over this country that would jump on that case with all fours and anybody here knows that. That's a powerful case. Whether you prevail or not, ultimately, you got to admit that's a powerful case. This is not a run-of-the-mill case where it's gamesmanship. I heard that word. Who wouldn't take a case like that? 940,000 people in a state of this size do not have that license because they can't pay court costs because they don't have the money. That's their allegation. And if they don't have the money to get a license, they can't drive to go to work to earn money to pay the court costs. But you think you got a good case, obviously, that you would have won in the court. Is that your position? You feel strongly you would prevail on it. Has any other court or any other state been a lot like that? Yes. These challenges have been brought in multiple states. Most recently, the 9th Circuit shot down a challenge in October. The 6th Circuit shot it down twice in 2020 and 2021. And it was on the facts of this case where four people were denied licenses and it's going through the system now. But you think you would prevail in Virginia during that time? Yes, Your Honor. Well, then why do you have to stay there? I'm with Judge Graber. Why stay and let the politics that's been playing back and forth for years and years and years, why do that? You have a good case. You asked for the state. I think all the time, we wouldn't be here. We could have done that, but in the interest of so you won't have to pay attorney fees. I don't think that ever. Well, so here's a point that that was the statement made earlier. I mean, that could be you asked why it was a reason. It could be a reason. You know, that state categorically abolished it. It's a plenary injunction. The legislation is done on it. You won't have to pay attorney fees if you just say let's just stay there. Let the legislature do it. And if there had been a suggestion that plaintiffs could get attorney fees, they never said, filed a motion after they got the plenary injunction saying we're going to get fees from this as they were required to do under 54B2B. So there was no thought that attorney fees would be entering into. There's no statutory basis for attorney fees for a prevailing party on this type of action. Yes, under Rule 54, they could have sought for attorney fees. Plaintiffs just got this because they just don't want any money ultimately that they prevail on this. You don't think that they would seek fees on this if they prevailed on it? No, I'm sure they have. That's why we're here. That's why we're here. Well, that's why I said that the reason you would do it is you don't want them to be prevailing parties because you've got a case in this circuit that says it's categorically abolished. At least that's what the district court and everybody else thinks. So what you do is you move for a stay and you stop it. I know the question is did it alter the defendant's behavior that materially changed the case? So isn't it true that the legislature changed the law because of Judge Moon's preliminary injunction? No, there's no evidence that that is true. It's not. There was no evidence that the district court. No, I'm not even sure plaintiffs would go that far but to even suggest that. Yes, you have an obligation to pander to the court. Yes, your honor. Think about your answer. Okay, I'm not aware of any evidence that suggests the legislature was aware of or voted to repeal the statute because of preliminary injunction or the lawsuit in general. There was a movement afoot for years to get rid of the statute. It eventually got a hold in the proper political spectrum and it was eventually repealed. That is my understanding of the process. Chief, with your permission. Oh, absolutely. I know we're over time. We've been over time for a long time. Go ahead, Judge Richardson. I just want to return for a minute, if you would, to Judge Harris's question. I know this is a little bit back, but she brought up the Seoul case and its similarities to what we have in the language that I think she correctly focused on is this language that there was, as Justice Ginsburg described, no enduring relief. But what I was curious about is what you took that to mean, given the facts of Seoul, because Seoul was the case where the Supreme Court decided to do a display in the national park or whatever park it was on February 14th and to do them in the future. They got a preliminary injunction and the display went forward on February 14th. That display can't be taken away. It is enduring in the way arts is enduring. It was there, and so that wasn't all the relief that was sought. They sought two things. We want to do it on February 14th, and we want to be able to do it in the future, but it was, to use your counsel's view, a direct result of the order from the district court, and it was permanent in the sense that art itself is permanent. A display is permanent. A protest is permanent, and yet the Supreme Court says that's not enduring. In its view, that's not final. That's not irreversible. That's not enduring, and that guidance from Seoul, and Judge Edwards in the D.C. Circuit case didn't have the benefit of that. He's deciding two years before Seoul, but it seems to me that Judge Edwards, if he was deciding this after Seoul, would have to say that even a temporary benefit that's irreversible, a public display of not enduring for purposes of prevailing party status. It's not enough, and so why doesn't that suggest to us that the D.C. Circuit in Select Mill, while maybe correct at the time, is incorrect now after Seoul, and that, in fact, when we talk about finality or irreversible or enduringness, it requires something more than a change that we might, in the common vernacular, refer to as a dispute. I would point the court also back to the Supreme Court's interpretation of the material alteration requirement, which generally, in the Texas State Teacher's Association, says it has to involve the resolution of the dispute, and so it gives that enduring finality. There's no doubt in Seoul that it modified the defendant's behavior. They permitted this display to go on in the park, but they would not have otherwise done. There was no debate, did it modify the defendant's behavior? I mean, I'm just trying to figure out, the test that we keep talking about, did it modify the behavior? Was this permanent? But all of those, if you look at the facts of Seoul, it modified its behavior. It was an enduring artistic display, and yet for prevailing party status, that's not viewed as enduring by the select milk in all the discussions we're having. They might be all fine before Seoul, but after Seoul, I have a hard time squaring them. Yeah, I think it comes down to the requirement that the relief stem from, again, the actual litigation of the merits of the case, because only in that circumstance is it fair to punish state and local governments. When Section 1988 wants to go after violators of law, it has to be actual violators. At the end of the litigation, you determine, did somebody actually violate the law? In some cases, defendants agree early on, yes, we violated the law. We're not going to do it again, or we're going to enter a consent decree. We're going to see to liability. Those things didn't happen here, and unless a defendant does that in a preliminary injunction setting, I don't think that attorneys' fees are appropriate. Let me ask you this, just a little bit of a follow-up on the dialogue with Judge Richardson. If the relief requested is monetary, and the preliminary injunction saves some monetary money that otherwise could not be granted in the end because of temporal configurations, it seems to me that's different from what the Supreme Court was addressing. The Supreme Court was addressing, I think, something that is put on and can be taken down, and they were looking for future. The preliminary injunction reversed the relief in that case. My question is, when there is no reversal, there's a preliminary injunction, and the relief requested is monetary, for example, and that monetary relief is only given because the injunction cuts it timewise before it fails. In that circumstance, it seems to me that the preliminary injunction now serves a different role. It served effectively a permanent role for that portion of the relief, and that would be part of the dialogue that we talked about in the DC Circuit case. I think it's all very interesting and complex, and I think the biggest help that the two of you can give us is to give us ideas of what works and what doesn't work. I gather you're sort of resting fairly firmly on an approach that no preliminary injunction can serve to make a person permissible. Well, sure. To take your honest example, if there's some money saved, but it wasn't saved because the defendant did anything wrong, but instead because the district court entered a provisional remedy that took into account a lot of equities and didn't actually have to do anything with, well, only one of four factors had to do with the merits, and even then was only a likelihood of success on the merits. It's difficult to see that defendants should be liable for attorney's fees when it was a function of- The prevailing party is always defined by the and so you have to look at what's requested and what's obtained, and so I think a preliminary injunction that obtains relief that's irreversible and permanent effectively is different from a preliminary injunction that could be reversed or just became I think I would agree if there had been actual litigation of the merits, it wasn't just a likelihood of success, a prediction about what the eventual outcome would be. Well, the question is, you have a preliminary injunction that addresses merits on a very obviously restricted basis, but it addresses the merits by necessity as one of the factors and grants relief on a temporal basis. That alone is pretty clear, would not satisfy the prevailing party standard, but the question is, is there a circumstance that you could think of where a preliminary injunction would serve as a prevailing party standard? That's the real question in this case. The challenge is because it would have to be entirely merits-based. It doesn't really matter these other things about public interest. Well, the issue is whether it's a final order on the merits and grants some of the relief requests. Right. The final order on the merits, not a prediction of what the merits are going to be. That's a preliminary injunction. You're right. The question is, in the circumstances of a case, can that effectively become final order on the merits? Yeah. It's difficult to imagine what would actually transform something that is explicitly just an equity-based determination into something that's solely merits-based. I'm not suggesting it's easy. You say it's difficult. I agree this is all difficult. We're searching for the possibility. I just think to advance a categorical argument that preliminary injunctions, because of their nature, don't satisfy the criteria, might be too narrow. There might be circumstances where that's not true. We have virtually every circuit that's addressed at what seven or eight or nine of them that have tried to find their way around those circumstances. I think some of them were, maybe, I think the Yermore case might be running in the face of Buchanan. Well, if this court decides that there is some exception to that categorical rule and you find that it's not satisfied by Plankett's here, then I still think you can confirm. I think my position has been pretty well laid out. I'd be happy to answer any more questions. I think you have made your position very clear, Mr. Cox. Thank you so much. Anything further, Ms. Teper-Rae? After hearing the commissioner's argument, with respect to the discussion about the Seoul case, the critical thing that happened in Seoul was that the plaintiff actually lost on summary judgment. So, any finding in their favor at the preliminary injunction stage was reversed later on on a merit-based decision. And so, rather than looking at the question of, was the first sort of protest on the beach, was that sufficient? The answer has to be no under Seoul because the merit-based decision was overturned later in the case. But that doesn't mean that the Seoul case, as Judge Harris pointed out, doesn't provide some guidance for the test. I think it absolutely does. And so, when we're thinking about what is the appropriate test to put in place, I would suggest that this court look at the Sixth Circuit in Planned Parenthood, where they said the following. The preliminary injunction altered the relationship between Planned Parenthood and the state during the concrete period of time that the plaintiffs required the benefit of the alteration. In other words, the injunction was in place for the entire time. It was roughly 12 years, I think, while the statute remained on the books. And then, it was actually a third party, the FDA, whose change in their recommendations on the medication mooted the case. But that didn't change the fact that that injunction provided those plaintiffs with concrete relief the entire time it was pending. And that happened here as well. So, for well over a year, these plaintiffs had relief from the statutes under the preliminary injunction, and it was only when the statute was repealed and they no longer needed relief that the case was mooted. And in terms of the question that was raised about whether it matters that it's the legislature versus the actual defendant, the commissioner, who mooted the case, I would point this court to a recent decision in Burghardt, which says that for purposes of prevailing party analysis, there's no distinction to be drawn between ex parte young defendants and the legislature in determining whether prevailing party is appropriate. And finally, I would just address briefly the Dearmore case. We agree that Dearmore raises the Buchanan concerns in a slightly different context, but it's the same problem of looking at subjective intents of the legislature or the party during the meeting. And so, it's not consistent with Buchanan, and so we would not recommend adopting the Dearmore standard, which we think would lead to unnecessarily complex litigation, and open up the possibility for even more gamesmanship as defendants think carefully about what language to use in the statute to attempt to avoid these, or how to avoid making any public statements, as happened in this case with the legislators that talk about the litigation. For 20 years now, this circuit has categorically prohibited prevailing party status under the facts presented here, and has come to be the only circuit across the country to do so. Smith's categorical rule is indifferent to the justness of the case, the plaintiff's political philosophy, the nature of the federally protected right at issue. So, this case affects everyone. Congress enacted Section 1988 to open the courthouse doors to meritorious civil rights action, and this court has the chance to effectuate that congressional intent by overturning Smith's bright line rule. The PI entered in this case was certainly on the merits and meets the four-factor test enunciated in G and Cities for Life. When the DMV decides to defend an with that decision when it loses on a merits-based preliminary injunction, even if the legislature later repeals the law in an apparent attempt to stop the DMV from continuing to incur costly legal disputes. Courts around the country would conclude that plaintiffs are prevailing parties, and we would ask this court to do the same. Thank you, Ms. Tickett. Counsel, all, thank you so much for your arguments. We appreciate them and wish you well. I ask the clerk of the court to take a brief recess of the court to reconstitute the panel of the court. The panel of the court will take a brief recess.
judges: Gregory, Niemeyer, King, Agee, Wynn, Diaz, Thacker, Harris, Richardson, Quattlebaum, Rushing